United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RONALD CUPP,<br>Plaintiff,<br>v.<br>PETER GUY KERSTON,<br>Defendant. | Case No. 25-cv-02185-LB<br>**ORDER**<br>Re: ECF Nos. 83, 88–91 |
| RONALD CUPP,<br>Plaintiff,<br>v.<br>THE MORTGAGE NETWORK WHOLESALE LENDER, LLC,<br>Defendant. | Case No. 25-cv-05979-LB<br>**ORDER**<br>Re: ECF No. 22 |

**INTRODUCTION**

Plaintiff Ronald Cupp, who represents himself, sued Peter Kerston and The Mortgage Network Wholesale Lender, LLC, for violating the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, by calling his cell phone six times on February 20, 2025, to sell mortgage services.[1] The

[1] Compl. – ECF No. 1 at 4 (¶ 9). The parties in No. 25-cv-02185-LB consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 9, 10-2. Citations refer to material in the Electronic Case File (ECF) in that case unless otherwise noted; pinpoint citations are to the ECF-

United States District Court
Northern District of California

company defaulted, and the claim against it was severed into Case No. 25-cv-05979-LB, where the plaintiff has moved for default judgment.[2] Mr. Kerston, who also represents himself, missed a series of filing deadlines. On October 2, 2026, the court granted the plaintiff's motion to strike his answer and directed entry of default because he had not responded to an order to show cause by October 1.[3] That premise was mistaken. He delivered an opposition and a trial brief to the clerk's office on October 1, and they reached the docket after the order issued.[4]

The court rules as follows. First, the October 2 order is vacated, and the motion to strike is denied without prejudice. Second, the court states the law that governs the claim and gives notice under Federal Rule of Civil Procedure 56(f) of the issue that may decide it: the TCPA provision that the plaintiff invokes applies only to calls made with an automatic telephone dialing system or an artificial or prerecorded voice, and the present record has no evidence of either. Third, the court intends to allow the defendant to withdraw any admissions that resulted from his failure to answer the plaintiff's requests for admission, on the condition that he answer them now. Fourth, the lack of evidence of automated equipment (among other issues) stands in the way of default judgment against the company, and the court defers that motion until it decides the case against Mr. Kerston. Fifth, each party must file a sworn declaration with his evidence by October 15, 2026, and may respond by October 22, 2026. The bench trial provisionally is October 29, 2026, and will be limited to facts that the declarations show to be disputed. A party who does not file a declaration may not offer evidence.

**STATEMENT**

The complaint has one count, under 47 U.S.C. § 227(b)(1)(A)(iii). It alleges that on February 20, 2025, the defendants called the plaintiff's cell phone six times (at 11:09, 11:10, 11:16, 11:31, 11:32, and 11:41 a.m.) "with sales messages, using automatic telephone dialing system," without

---

generated page numbers at the top of documents.

[2] No. 25-cv-05979-LB, Mot. – ECF No. 22.

[3] Mot. – ECF No. 83; Order – ECF No. 88 at 1–3, 5–6.

[4] Opp'n – ECF No. 89; Def.'s Br. – ECF No. 90.

his prior express written consent, and that he "responded to the first call to stop calling."[5] It alleges that Mr. Kerston is a loan originator who owns and operates as the company.[6] It seeks $9,000 ($1,500 for each of six calls), punitive damages, attorney's fees, and costs.[7]

The plaintiff's evidence is his own testimony and four iPhone screenshots. The screenshots show entries for a contact saved as "Pete Kirsten The mortgage network?" at 11:09, 11:10, 11:16, 11:31, and 11:41 a.m., and a twenty-four-second voicemail at 11:32 a.m.[8] He says that the defendant called to sell his services, that he told the defendant that he was not interested and to stop calling, and that he hung up on him.[9] The defendant responds that the calls were "merely call backs from Mortgage Broker to the applicant, Ronald Cupp," who "came into Defendant's office only asking for an application for a mortgage loan."[10] He identifies as a trial issue whether he had an automatic dialing system.[11]

The defendant's participation has been uneven. He appeared at six of the eight case-management conferences and, after missing the July 30, 2026, settlement conference, attended the rescheduled conference on August 12.[12] But he generally did not join in the parties' joint filings, did not respond to the plaintiff's proposed findings, and did not file the opposition brief due September 10, 2026.[13] The court warned him about sanctions, including terminating sanctions, on September 19, 2025, April 16, 2026, September 17, 2026, and September 27, 2026.[14] The last order directed him to oppose the motion to strike, file his trial brief, and show cause by October 1,

---

[5] Compl. – ECF No. 1 at 4 (¶ 9), 5–6 (¶¶ 13–19).

[6] *Id.* at 3–4 (¶¶ 4–5, 7–8).

[7] *Id.* at 6–7 (¶ 17 & prayer).

[8] Exs. 1–4 to Pl.'s Ex. List – ECF Nos. 86-1 to 86-4.

[9] Proposed Findings – ECF No. 69 at 2–3 (¶¶ 3–5, 10–12).

[10] Opp'n – ECF No. 89 at 1 (¶ 2); Def.'s Br. – ECF No. 90 at 1.

[11] Def.'s Br. – ECF No. 90 at 2.

[12] Minute Entries – ECF Nos. 29, 33, 38, 45, 49, 57, 62, 74, 76, 78. The defendant missed the conferences on September 18, 2025, and March 26, 2026. Minute Entries – ECF Nos. 29 and 49. The plaintiff missed the conference on April 23, 2026. Minute Entry – ECF No. 57.

[13] Proposed Findings – ECF No. 69 at 1, 4; Scheduling Order – ECF No. 80 at 1; Notice – ECF No. 81.

[14] Orders – ECF Nos. 30, 55, 82, 84.

2026.[15] He did so. His opposition, signed under penalty of perjury, attributes his missed deadlines to "continued heart health issues" and to being "caught in the myriad of requirements and filing deadlines."[16] Although he is a registered e-filer, he filed on paper, and the documents were docketed on October 2. The court then directed the clerk to defer striking the answer.[17] Default has not been entered against him.

In November 2025, the plaintiff served requests for admission on the defendant. A month later, he moved for an order deeming them admitted because the defendant had not responded.[18] The court denied the motion without prejudice to the parties' raising the issue in a joint letter under the court's discovery procedures.[19] The plaintiff did not submit a letter. He now asks the court to consider the requests.[20] The requests themselves are not in the record.

## ANALYSIS

### 1. The Motion to Strike the Answer

A court may revise an interlocutory order at any time before judgment. Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). The October 2 order rested on a finding that the defendant filed nothing by October 1. He filed both documents that the court required. The order is vacated.

The remaining issue is whether, considering the opposition, the answer should be stricken. Rule 16(f) allows a court to strike the pleading of a party who disobeys a scheduling order. Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(iii). But a sanction that ends the case requires willfulness, bad faith, or fault, and the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking

[15] Order – ECF No. 84 at 6.

[16] Opp'n – ECF No. 89 at 1–2 (¶¶ 3–5).

[17] Order – ECF No. 91.

[18] Mot. – ECF No. 40 at 1–2.

[19] Order – ECF No. 41.

[20] Mot. – ECF No. 83 at 3, 7.

United States District Court
Northern District of California

sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The fifth factor asks whether the court considered lesser sanctions, tried them, and warned the party. *Id.*

The first two factors favor the plaintiff. The missed deadlines delayed a case about a handful of calls on one morning. The defendant's explanations are thin: the reference to his health is unsupported, and the difficulty of deadlines is not an excuse, because self-represented litigants must follow the same rules as everyone else. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). Disobedience within a litigant's control is enough to show fault. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

The remaining factors control. The prejudice is delay: the plaintiff's evidence is intact, and he can still try his case. The defendant has now disputed the claim under oath, and (as the next section explains), the claim faces a serious legal obstacle, so the policy favoring a merits decision has real weight. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The court has warned the defendant but has not tried a lesser sanction, and one is available that addresses the delay directly: a firm schedule with an automatic consequence (exclusion of evidence) for missing it. Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(ii). And the defendant complied with the most recent order. Striking the answer is not a just order on this record. The motion asked in the alternative for an order to show cause; the court issued one, and the defendant responded.[21] The motion is otherwise denied without prejudice. The plaintiff identifies no expenses caused by the missed deadlines, and the court awards none. Fed. R. Civ. P. 16(f)(2).

**2. The Merits**

The parties are not lawyers, and their briefs do not address the law in any detail. They need to supply the facts; the court applies the law. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (pro se

---

[21] *Id.* at 5–6; Order – ECF No. 84.

United States District Court
Northern District of California

complaints construed liberally); *Hearns v. Terhune*, 413 F.3d 1036, 1040–41, 1043 (9th Cir. 2005) (a pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest and need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief). The court sets out the governing law now so that the parties know which facts matter.

**2.1 The Claim Pleaded**

The complaint pleads one claim: that the defendants violated 47 U.S.C. § 227(b)(1)(A)(iii). That provision makes it unlawful to call a cell phone "using any automatic telephone dialing system or an artificial or prerecorded voice" without the prior express consent of the person called. The complaint alleges an automatic telephone dialing system. Because it also quotes the statute's recorded-voice language and alleges "sales messages," the court construes it liberally to cover a recorded voice too.[22]

The complaint does not plead a claim under the TCPA's separate do-not-call rules, 47 U.S.C. § 227(c). It has no such count and does not allege that the plaintiff's number is on the national do-not-call registry. It alleges a request to stop calling only to show that any consent was revoked. Liberal construction does not allow a court to supply the elements of a claim that was not pleaded. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The court will decide the § 227(b) claim.[23]

**2.2 Automated Equipment or a Recorded Voice**

The plaintiff must prove three things: (1) the defendant called his cell phone (2) using an automatic telephone dialing system or an artificial or prerecorded voice (3) without his prior

[22] Compl. – ECF No. 1 at 4 (¶ 9), 5 (¶ 14).

[23] In reaching this conclusion, the court considered leaving a do-not-call theory open. The complaint does not expressly plead a claim under the TCPA's separate do-not-call rules, which protect residential subscribers who have registered their numbers on the national do-not-call registry and allow suit by a person who receives more than one telephone solicitation in twelve months in violation of those rules. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). But it alleges a request to stop, and the plaintiff represents himself. If the declarations showed facts that supported such a claim, the court could consider whether to treat the issue as tried under Rule 15(b). The plaintiff's declaration must therefore state whether and when his number was registered and whether he uses it as a residential line. A call to a person who inquired about or applied for the caller's services is generally not a prohibited solicitation. 47 U.S.C. § 227(a)(4).

express consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The second element is the threshold issue.

An automatic telephone dialing system is equipment that uses a random or sequential number generator to store or produce the telephone numbers that it calls. 47 U.S.C. § 227(a)(1); *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021). The equipment must generate the telephone numbers themselves randomly or sequentially. *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022). It is not enough that a phone can store numbers and dial them, as every modern cell phone can. *Duguid*, 592 U.S. at 405. A person who dials a chosen number and speaks in his own voice does not violate § 227(b), however many times he calls, whether or not he has consent, and even if he is asked to stop.

The present record has no evidence of an automatic telephone dialing system or a recorded voice. The complaint's allegation restates the statutory definition. The plaintiff's proposed findings omit the element.[24] His account is that a specific person (the defendant) called him, spoke with him, and was told to stop.[25] Repeated calls to one chosen number from a caller whom the plaintiff identified by name are not evidence of random or sequential dialing. The one open question is the 11:32 a.m. voicemail: the record does not show whether it was a live message or a recording.

This is notice under Rule 56(f). The court is considering entering judgment for the defendant on the ground that the plaintiff cannot prove that any call was made with an automatic telephone dialing system or an artificial or prerecorded voice. Fed. R. Civ. P. 56(f); *Norse v. City of Santa Cruz*, 629 F.3d 966, 971–72 (9th Cir. 2010) (en banc). The plaintiff's declaration must state every fact that he relies on to prove this element. The defendant's declaration must describe how he placed each call. If the declarations show no genuine dispute on this element, the court will decide the case on the papers and vacate the trial.

---

[24] Proposed Findings – ECF No. 69 at 3–4 (¶ 18).

[25] *Id.* at 2–3 (¶¶ 4, 10–11).

**2.3 Consent**

The court reaches consent only if the plaintiff proves the second element. Consent is then a defense that the defendant must prove, and a person who has consented may revoke his consent. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, 1047–48 (9th Cir. 2017). The defendant's contention that the plaintiff asked for a loan application and that the calls were callbacks, and the plaintiff's contention that he told the caller to stop on the first call, bear on this issue. The complaint's allegation that the parties had no "established business relationship" is not an element of the § 227(b) claim.

**2.4 Damages and Other Relief**

If the plaintiff proves a violation, he may recover his actual monetary loss or $500 for each violation, whichever is greater, and the court has discretion to award up to three times that amount if the violation was willful or knowing. 47 U.S.C. § 227(b)(3). Each call is one violation. A voicemail left during a call is part of that call, and a call that the plaintiff placed is not a violation. The complaint counts the 11:32 a.m. voicemail as a sixth call, and the 11:16 a.m. entry in the plaintiff's screenshot bears a different icon from the incoming calls.[26] The declarations must address both points.

The statute does not authorize punitive damages or attorney's fees, and a self-represented litigant cannot recover attorney's fees in any event. *See Kay v. Ehrler*, 499 U.S. 432, 435, 438 (1991). A prevailing party may recover the costs listed in 28 U.S.C. § 1920, such as the filing fee. Fed. R. Civ. P. 54(d)(1). The $500 that the plaintiff paid a paralegal to draft the complaint is not a recoverable cost.[27]

**2.5 The Requests for Admission**

The issue is what effect, if any, the unanswered requests have. The court's earlier denial of the motion to deem them admitted was procedural and did not decide that question. No order is needed for an admission: a matter is admitted by operation of the rule if the party served does not

[26] Compl. – ECF No. 1 at 4 (¶ 9); Exs. 2–4 to Pl.'s Ex. List – ECF Nos. 86-2 to 86-4.

[27] Proposed Findings – ECF No. 69 at 3 (¶ 14).

respond within thirty days. Fed. R. Civ. P. 36(a)(3). An admission is conclusive unless the court permits its withdrawal, which it may do if withdrawal promotes a decision on the merits and does not prejudice the requesting party in presenting his case. Fed. R. Civ. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621–22 (9th Cir. 2007). Prejudice means difficulty in proving the case (for example, because evidence has become unavailable) not the burden of having to prove it. *Id.* at 622.

The requests cannot be given effect on the present record. The plaintiff has never filed them or a proof of service showing how and where he served them, and the court cannot treat as established matters that it has not seen.[28]

In any event, the test for withdrawal appears to be met. The defendant has denied the claim under oath, and the court construes that denial as a request to withdraw any admissions. If the requests track the elements of the claim, holding the defendant to them would decide the case without regard to the facts. And the plaintiff has not relied on them. His proposed findings, brief, witness list, and exhibit list do not mention them, and he told the court that he "remains prepared to establish" the elements of his claim "through admissible evidence and Plaintiff's testimony."[29] His evidence (his testimony and his screenshots) is as available now as it was when he served the requests.

The court therefore intends to permit withdrawal on a condition. If the plaintiff wants the court to consider the requests, he must file them, with proof of how and where he served them, and email a copy to the defendant by **October 8, 2026**. By **October 15, 2026**, the defendant must file a signed written response that admits or denies each request. Any request that he does not answer by then will stand admitted. The plaintiff may explain in his declaration how withdrawal would prejudice him, and the court will make its final ruling before it takes evidence. If the plaintiff does not file the requests by October 8, the court will not consider them.

---

[28] The plaintiff says that he served the requests on November 24, 2025, and he filed his motion on December 26, 2025. Mot. – ECF No. 40 at 1. If he served them by mail, the responses were not due until December 29, 2025. Fed. R. Civ. P. 6(a)(1)(C), (d).

[29] Notice – ECF No. 81 at 2 (¶ 7); Proposed Findings – ECF No. 69; Pl.'s Br. – ECF No. 70; Pl.'s Pretrial Filing – ECF No. 85.

United States District Court
Northern District of California

### 3. The Motion for Default Judgment in the Related Case

The company has not appeared or consented to magistrate-judge jurisdiction, so the court will address the motion by report and recommendation to a district judge after it decides the case against Mr. Kerston. 28 U.S.C. § 636(b)(1)(B); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court defers the motion and identifies the following issues so that the plaintiff can address them in his declaration.

First, the claim against the company rests on the same calls. When the liability of a defaulting defendant depends on that of a defendant who is contesting the case, judgment should not be entered against the defaulting defendant until the case is decided, and it should not be entered at all if the contesting defendant prevails on a ground that applies to both. *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

Second, default judgment requires a sufficient complaint and a claim with merit. *Eitel*, 782 F.2d at 1471–72. A default admits the well-pleaded facts but not conclusions of law or facts that are not well pleaded. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). The allegation that the calls were made "using automatic telephone dialing system" restates the statute, so the issue in Section 2.2 applies to the company too.

Third, a company is liable under the TCPA for another's calls only under ordinary agency principles. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877–79 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016). The complaint alleges on information and belief that Mr. Kerston owns the company and operates as it. The plaintiff must state the facts that he has about that relationship.

Fourth, the court must be satisfied that the company was properly served. The complaint alleges that the company is suspended and that Mr. Kerston is its agent for service.[30] The plaintiff must identify the proof of service and state who was served, where, and how.

Fifth, damages are not admitted by default and must be proved. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Section 2.4 applies. And the plaintiff may recover only once for each call, even if both defendants are liable for it.

---

[30] Compl. – ECF No. 1 at 3–4 (¶ 5).

United States District Court
Northern District of California

The motion is noticed for October 29, 2026, at 9:30 a.m., and the court will take it up then.

## 4. The Process for Deciding the Case

A brief is not evidence, and apart from the screenshots, the record has none. The court has authority to structure the trial to obtain sworn facts: it may simplify the issues, obtain admissions about facts and documents, consider summary adjudication on its own after notice, and take direct testimony in writing. Fed. R. Civ. P. 16(c)(2)(A), (C), (E), (P), 56(f)(3); Fed. R. Evid. 611(a); *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992). The following process replaces the remaining deadlines in the scheduling order.[31] The court accepts the parties' filed briefs as their trial briefs, and no more briefs are required.[32]

### 4.1 The Declarations

By **October 15, 2026**, each party must file a declaration of no more than ten pages (not counting exhibits).[33] A declaration is a written statement of facts that the party personally knows, set out in numbered paragraphs. Each party must attach every document that he wants the court to consider and must say what the document is and how it was created. The declaration must end with this sentence, followed by the date and the party's signature: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct." 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). Each declaration must address the following topics.

(1) How the calls were placed. The plaintiff must state every fact that he relies on to show that an automatic telephone dialing system or a recorded or artificial voice was used. The defendant must describe the telephone and any software or dialing system used for each call, whether he dialed the plaintiff's number by hand, and whether any recorded or artificial voice was used.

---

[31] Scheduling Order – ECF No. 80.

[32] Pl.'s Br. – ECF No. 70; Proposed Findings – ECF No. 69; Pl.'s Pretrial Filing – ECF No. 85; Def.'s Br. – ECF No. 90.

[33] Mr. Cupp filed a declaration on Sunday, October 4, 2026, at 1:16 p.m. No. 25-cv-05979-LB, Cupp Decl. – ECF No. 25. It includes some of the information called for here, but not all. His October 15 declaration must be complete, supersede the October 4 declaration, and be filed in both cases.

United States District Court
Northern District of California

(2) The voicemail. The plaintiff must state whether he still has the voicemail and, if so, write out its words exactly and bring the recording to trial. Each party must state whether the voice was a live person or a recording and whether the voicemail was left during the 11:31 a.m. call.

(3) Each call. For each entry on February 20, 2025: who placed the call, whether it was answered, how long it lasted, and what each person said. The parties must specifically address who placed the 11:16 a.m. call. The plaintiff must state whether he called the defendant or The Mortgage Network at any time on or before that day.

(4) Prior contact. Whether, before the first call, the plaintiff visited the defendant's office, asked about or applied for a mortgage loan, or gave his telephone number to the defendant or The Mortgage Network — and if so, when, how, and what documents show it.

(5) The request to stop. Whether the plaintiff told the caller to stop calling, during which call, in what words, and which calls came afterward.

(6) The plaintiff's telephone. Whether the number ending in 9929 is a cell phone and who holds the account.

(7) The defendant and the company. The defendant's relationship to The Mortgage Network Wholesale Lender, LLC, and on whose behalf he made any call. The plaintiff must state the facts that he has on this point and the facts about service on the company described in Section 3.

(8) Phone records. Each party must attach any carrier or billing records that he has, or can obtain from his own carrier, showing calls between the parties on February 20, 2025.

(9) Requests for admission. The plaintiff may explain how withdrawal of any admissions would prejudice him. The defendant must file his response to the requests, as described in Section 2.5, with his declaration.

By **October 22, 2026**, each party may file a response declaration of no more than five pages, in the same sworn form, limited to the facts in the other party's declaration. The plaintiff must file his declarations in both cases.

### 4.2 The Bench Trial

The bench trial is provisionally set for **October 29, 2026, at 9:30 a.m.** in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco. (It is provisional because the processes in this

United States District Court
Northern District of California

order may obviate the need for testimony. Also, in any event, there is a motion that needs addressing.) Both parties must attend in person. The declarations will be the parties' direct testimony. Each party will be sworn and may be questioned by the other party and by the court. The parties must bring the originals of their exhibits, including the telephones and records that they rely on. No other witness may testify unless a party's declaration identifies the witness and the subject of the testimony.

Before trial, the court will compare the declarations, treat as established any fact that is not genuinely disputed, and decide as a matter of law any issue that the undisputed facts resolve. Fed. R. Civ. P. 56(f)(3), (g). Testimony will be limited to the disputed facts. After trial, the court will issue findings of fact and conclusions of law. Fed. R. Civ. P. 52(a)(1).

### 4.3 Filing Requirements and Consequences

The defendant is a registered e-filer and must file electronically. Civil L.R. 5-1. If he files on paper, he must at least email a copy to lbcrd@cand.uscourts.gov by the deadline, and he must email a copy to the plaintiff the same day. His two October 1 filings list different mailing addresses, and mail to him has been returned.[34] By **October 8, 2026**, he must file a notice of his current mailing address, telephone number, and email address. Civil L.R. 3-11.

These deadlines are firm. A party who does not file a declaration by October 15 may not testify or offer evidence, and the court may treat the facts in the other party's declaration as undisputed and decide the case on them. Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(ii), 56(e)(2)–(3). If a party does not appear on October 29, the court will decide the case on the written record. The plaintiff has the burden of proof, and if he does not file a declaration, the court may enter judgment against him. The court will extend a deadline only on a written request filed before the deadline that shows good cause. A request based on health must be supported by a sworn statement of the specific dates and circumstances.

---

[34] Opp'n – ECF No. 89 at 1; Def.'s Br. – ECF No. 90 at 1; *see generally* Docket.

United States District Court
Northern District of California

The defendant's request for more time to file a trial brief is moot because the court accepts his October 1 brief. His requests in that brief for dismissal and for sanctions against the plaintiff are not noticed motions; the court will resolve the merits through the process in this order.

**CONCLUSION**

The court orders as follows.

1. The October 2, 2026, order striking the answer and directing entry of default (ECF No. 88) is vacated. The answer (ECF No. 10) remains the operative response to the complaint. The clerk must not enter default against Mr. Kerston.

2. The plaintiff's motion to strike the answer and for entry of default (ECF No. 83) is denied without prejudice.

3. The court gives notice under Rule 56(f) that it may enter judgment for the defendant on the ground stated in Section 2.2.

4. The court defers the motion for default judgment in No. 25-cv-05979-LB (ECF No. 22). It remains on calendar for October 29, 2026, at 9:30 a.m.

5. The remaining deadlines in the scheduling order (ECF No. 80), the October 22, 2026, case-management conference, and the October 15, 2026, deadline for a case-management statement are vacated.

6. By October 8, 2026, the plaintiff must file and email to the defendant any requests for admission that he wants the court to consider, with proof of service. By October 15, 2026, the defendant must file a signed response admitting or denying each request. Any request not answered by then will stand admitted.

7. By October 8, 2026, the defendant must file a notice of his current mailing address, telephone number, and email address.

8. By October 15, 2026, each party must file the declaration and exhibits described in Section 4.1. By October 22, 2026, each party may file a response declaration.

9. The bench trial is provisionally set for October 29, 2026, at 9:30 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco. It may not be necessary, depending on the declarations.

10. A party who does not file a declaration by October 15, 2026, may not testify or offer evidence, and the court may decide the case on the other party's declaration.

The clerk will send a copy of this order to Mr. Kerston by email and by regular mail at both addresses listed in his October 1 filings.

This resolves ECF No. 83 in No. 25-cv-02185-LB.

**IT IS SO ORDERED.**

Dated: October 5, 2026

LAUREL BEELER
United States Magistrate Judge